IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RALPH K. WILLIAMS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-07-2111 |
| | : | Criminal No. CCB-03-0351 |
| UNITED STATES OF AMERICA | : | |

...o0o...

# **MEMORANDUM**

Now pending is a § 2255 motion filed by Ralph K. Williams on August 7, 2007. Williams was convicted by a jury on November 5, 2004, of conspiracy to distribute and possess with intent to distribute over 150 kilograms of cocaine. He was sentenced on February 25, 2005, as a career offender, to 360 months incarceration. His conviction was affirmed by the Fourth Circuit in *U.S. v. Mitchell*, 226 Fed. Appx. 320 (March 20, 2007). For the reasons set forth below, the petition for relief under 28 U.S. § 2255 will be denied.

In his initial and amended petition, Williams raises the following issues, many of which were addressed and rejected by the Fourth Circuit on direct appeal:

(1) improper admission of co-conspirator statements, particularly the testimony by cooperating witnesses Lopez, Giles, and Murphy about conversations they had with co-conspirator Charles Ransom;

(2) failure to declare a mistrial after Ransom, called as a cooperating witness, refused to continue his testimony;

(3) insufficient evidence to support the guilty verdict; and

(4) ineffective assistance of counsel for:

    (a) failure to object to "expert opinion" testimony given by Det. John Cater;

    (b) failure to argue the Confrontation Clause and object to the admissibility of co-

conspirator Ransom's statements,

(c) failure to object to the introduction of 12 kilos of cocaine and to the government's argument that the 12 kilos of cocaine seized September 4 and September 5, 2002, were evidence of Mr. Williams's involvement in the conspiracy;

(d) failure to assert a "buyer-seller" defense rather than a "multiple conspiracy" defense; and

(e) failure to object to evidence obtained from the residence at 6808 Harrowdale Road in Baltimore, Maryland.

The first and second issues (improper admission of co-conspirator statements and failure to declare a mistrial) were raised on direct appeal, explicitly discussed by the Fourth Circuit, and rejected in the appellate opinion. They may not be relitigated and will not be discussed further. The third issue, sufficiency of the evidence presumably also was raised on appeal and was rejected by the Fourth Circuit in a footnote without specific discussion. *Id.* at 322 n.1. In any event, this issue is without merit as there was more than sufficient evidence on which a reasonable jury could rely to return its guilty verdict.

The fourth issue, ineffective assistance of counsel, was not addressed by the Fourth Circuit and will therefore now be considered. To sustain a claim of ineffective assistance, Williams must show both that trial counsel's performance fell below "an objective standard of reasonableness," and that the deficient performance prejudiced him, i.e., that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Counsel's

alleged errors will be discussed in turn.

First, the testimony given by Det. Cater was well within his daily experience as a law enforcement officer. It did not require qualifying the witness to give "expert" testimony under Fed. R. Evid. 702. In any event, had an objection been made, the detective easily could have qualified to state his testimony under Fed. R. Evid. 702.

Second, trial counsel did object to co-conspirator statements by way of a motion in limine. Additional objections during the trial would have been unsuccessful, because the co-conspirator statements were properly admitted under Fed. R. Evid. 801 (d)(2)(E), as the Fourth Circuit held. *Mitchell*, 226 Fed. Appx. at 323. There was no Confrontation Clause violation. *See Crawford v. Washington*, 541 U.S. 36, 56 (2004); *U.S. v. Sullivan*, 455 F.3d 248, 258 (4th Cir. 2006).

Third, regarding the 12 kilos of cocaine intercepted September 4 and 5, 2002, at the FedEx facility at BWI Airport, Williams had no standing to object to the seizure of these parcels, which were en route from Los Angeles to an address at the Johns Hopkins medical campus in Baltimore. Any attempt by trial counsel to suppress this evidence would have failed, and nothing prevented the prosecutor from arguing to the jury about the significance of that cocaine.

Fourth, the "buyer-seller" defense was not well supported by the evidence. Even if counsel had requested and obtained such an instruction, there is no reasonable probability Williams would not have been convicted.

Finally, evidence obtained from the search of 6808 Harrowdale Road, Apt. T-1, followed a search warrant authorized by Magistrate Judge Paul W. Grimm. Trial counsel filed a motion to suppress this evidence. There was no basis for suppression, however, because the warrant was

properly issued based on probable cause.

In summary, Williams has failed to show any grounds for relief under 28 U.S.C. § 2255. A separate Order follows.


| October 16, 2008 | /s/ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |